# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

December 19, 2017
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DANA DAVIS,**
**Claimant Below, Petitioner**

vs.)    **No. 17-0554** (BOR Appeal No. 2051752)
                    (Claim No. 2016012881)

**MONDI BAGS USA, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Dana Davis, by Patrick K. Maroney, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Mondi Bags USA, LLC, by Mark J. Grigoraci, its attorney, filed a timely response.

The issue on appeal is whether a compensable injury occurred. The claims administrator denied the application for benefits on November 18, 2015. The Office of Judges affirmed the claims administrator's decision on December 21, 2016. The Board of Review affirmed the Order of the Office of Judges on May 19, 2017. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Davis, a press operator for Mondi Bags USA, LLC, alleged that he injured his shoulder on November 11, 2015, while at work. Mondi Bags USA, LLC, submitted an internal incident form noting that while Mr. Davis reported that his shoulder was injured, it had reason to believe this was inaccurate. Mr. Davis alleged that his shoulder was sore and that the shafting of rolls was not helping it. Mr. Davis stated that he warned the employer that he did not need to see a doctor but that the shaft needed to be changed or he was going to get injured. Mr. Davis was advised not to strain to release the airshaft; rather he should use a mallet to unstick the shaft. Eventually, Mr. Davis alleged that he injured his shoulder dealing with the faulty equipment.

1

A November 16, 2015, audio recording and written transcript of Mr. Davis's story was obtained. Mr. Davis indicated he was hired on July 13, 1979, and he works as a press operator. He reported he was injured on November 4, 2015, sometime between 4:30 a.m. and 5:00 a.m. Mr. Davis stated he told the safety man that he got hurt. He stated that he got hurt before this and was off for almost eleven months. He stated that his previous injury was due to the faulty airshafts. He stated he started noticing sharp pain in his right shoulder after he pulled the core off of a shaft. Mr. Davis testified that he saw Dr. Macio, the company doctor, who told him it might be a sprain but he could not tell. Mr. Davis stated he was instructed to do light duty and see if he got better. He reported that he has an appointment with a specialist, Dr. Capito, on November 30, 2016. Mr. Davis stated he had a prior workers' compensation injury to the right shoulder about five years ago for which he received therapy and was released to return to work. He also stated he had an operation in 2014 on his left shoulder. On November 18, 2015, the claims administrator denied Mr. Davis's application for workers' compensation benefits.

On May 26, 2016, Mr. Davis testified in a deposition. He reiterated the mechanism of injury as stated in his November 16, 2015, recorded statement. He testified he was not having any problems with his right shoulder prior to the incident. He stated that he told Clarence Culbreath about his injury as well as Lawrence Wright, the Safety Director. He stated an assistant showed Mr. Wright that it was hard to pull off the core and advised that they have problems with the airshafts. Mr. Davis stated he told Mr. Wright that if he did not get better then he would probably need to go see a doctor. He waited a week and then advised Mr. Wright that he needed to see someone, as he was not getting better. He estimated the shaft weighed about eighty-five pounds or more. He stated he had problems raising his arm up and doing things at work. Mr. Davis went to Dr. Capito because he had treated him previously for shoulder issues. He testified Dr. Capito examined him and sent him for an MRI, which he understood to reveal a torn rotator cuff. Mr. Davis stated Dr. Capito recommended surgery, which was performed on or about February 10, 2016. He testified he is still under Dr. Capito's care and has not been released to work. With regard to his prior injury in 2014 to the left shoulder, Mr. Davis testified that the symptoms he had then are similar to his symptoms now in the right shoulder. He also testified he was doing about the same thing when he was injured in 2014, but that workers' compensation claim was approved. He underwent surgery in 2014 on the left shoulder. Mr. Davis also stated he had a prior injury to his right shoulder approximately five or six years ago for which he received therapy and returned to work.

The Office of Judges found that Mr. Davis did not establish that he sustained a personal injury in the course of and as a result of his employment. The Office of Judges noted that Mr. Davis had not submitted any medical evidence such as a report of injury, MRI report, operative report, or treatment records from Dr. Capito. Though Mr. Davis testified to an injury from an isolated fortuitous event at work, there is no other evidence of this occurring. Further, there is no opinion connecting the alleged injury to the alleged rotator cuff tear. The Board of Review adopted the findings of the Office of Judges and affirmed its Order. After review, we agree with the findings of the Office of Judges and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: December 19, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker